UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John Randolph Cartee,   #309847, | ) | C/A No. 3:11-2343-RMG-JRM |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| Scott Bodiford, Jail Administrator; | ) | |
| James M. Dorriety, Assistant County Administrator, | ) | Report and Recommendation |
| Individual and Official Capacities, | ) | |
| | ) | |
| Defendants. | ) | |

_____

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.  Plaintiff is an

inmate at Manning Correctional Institution, and files this action *in forma pauperis* under 28 U.S.C.

§ 1915.  Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d)

DSC, the undersigned is authorized to review such complaints for relief and submit findings and

recommendations to the district judge. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A (as soon as

possible after docketing, district courts should review prisoner cases to determine whether they are

subject to dismissal).  For the reasons that follow, the undersigned recommends the district judge

dismiss the Complaint in this case without prejudice and without issuance and service of process.

## I.       Standard of Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant

to commence an action in federal court without prepaying the administrative costs of proceeding

with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district

court to dismiss the case upon a finding that the action fails to state a claim on which relief may be

granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be

made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504

U.S. 25, 31 (1992).  A claim based on a meritless legal theory may be dismissed *sua sponte* under

28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

## II.    Discussion

Plaintiff indicates that he was given a toxic overdose of medication at the Greenville County Detention Center. ECF No. 1, page 5. Plaintiff started taking lithium on March 8, 2011, and became ill on March 13, 2011. *Id.* at 4. Plaintiff then began to have blurry vision and problems with his equilibrium on March 15, 2011. *Id.* Blood samples were taken from Plaintiff on March 15 and 16, 2011, and his dosage of lithium was cut in half. *Id.* On March 18, 2011, a nurse informed Plaintiff that he had been given 2,400 mg of lithium per day, rather than 1,200 mg per day, as prescribed. *Id.* at 5. Plaintiff's doctor apologized for the "mistake" and assured Plaintiff that "it wouldn't happen again." *Id.* at 6. Plaintiff wrote a letter to Defendant James M. Dorriety, Assistant County

Administrator, who visited Plaintiff on May 12, 2011, and promised to look into the matter. *Id.*

Defendant Dorriety returned to see Plaintiff the next day, with a copy of Plaintiff's blood work and

documentation about the eight (8) days of over-medication. *Id.* Plaintiff states that Defendant

Dorriety apologized to Plaintiff for the mistake and promised to visit the medical department to

ensure "this type of thing would not happen again." *Id.* Plaintiff provides no facts regarding

Defendant Scott Bodiford. Plaintiff seeks monetary damages and asks that the medical department

at Greenville County Detention Center be thoroughly inspected. *Id.* at 7.

To state a claim under 42 U.S.C. §1983, a plaintiff must allege two essential elements: (1)

that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the

alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487

U.S. 42, 48 (1988). Plaintiff alleges that he was given toxic levels of lithium for eight days at the

Greenville County Detention Center. However, to the extent Plaintiff is attempting to allege

deliberate indifference to his health and/or safety, Plaintiff's Complaint provides insufficient facts

to state such a clam.[1] Deliberate indifference is a very high standard, which requires more than a

showing of mere negligence. *See Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976). Deliberate

indifference also requires "more than ordinary lack of due care for the prisoner's interests or safety."

*Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Farmer v. Brennan*, 511 U.S. 825, 835-836

(1994). Based on these precedents, the issue is whether an inmate, who has suffered injury, has

alleged that the prison official "wantonly and obdurately failed to take precautions for his safety in

deliberate indifference to a specific known risk of harm . . . ." *Ruefly v. Landon*, 825 F.2d 792, 793

---

[1] To the extent that Plaintiff was a pretrial detainee when the events transpired, his claims are governed by the Fourteenth Amendment, not the Eighth Amendment. *See Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990).

(4th Cir. 1987). Plaintiff provides no facts to demonstrate that the Defendants, or any jail employees, were aware that Plaintiff was being given an incorrect dosage of medication, or that they wantonly failed to take precautions for Plaintiff's safety. Instead, the facts alleged indicate that Plaintiff's medication was mistakenly doubled by medical staff. At best, Plaintiff's allegations may be construed as a claim of negligence. However, the law is well settled that negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995)(*Daniels* bars an action under § 1983 for negligent conduct); *Ruefly v. Landon*, 825 F.2d at 793-794.

Next, Plaintiff names as Defendants the Jail Administrator, Scott Bodiford, and the Assistant County Administrator, James M. Dorriety. However, Plaintiff provides no facts to indicate that either of these Defendants were personally involved in dispensing Plaintiff's medication. As indicated above, Plaintiff includes no allegations against Defendant Bodiford and states that Defendant Dorriety only became aware of the situation after it had occurred. A plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Karafiat v. O'Mally*, No. 02-3992, 2002 WL 31845135, at **1 (6th Cir. Dec. 17, 2002); *Lucas v. Ruth*, C/A No. 1:10-2456-TLW-SVH, 2011 WL 1831754 at *3 (D.S.C. Feb. 15, 2011). Although the Court must liberally construe the *pro se* Complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *See Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989). He must allege facts that support a claim for relief. *Bass v. E.I.DuPont*

*de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). The Complaint's general claims, absent any facts to demonstrate that Defendants Bodiford and Dorriety personally violated Plaintiff's constitutional rights, are insufficient to state a claim under § 1983.

Further, to the extent Plaintiff seeks to hold Defendants Bodiford and Dorriety liable in their capacity as supervisors, the case is also subject to summary dismissal. In order for supervisory officials to be held liable for constitutional injuries inflicted by their subordinates, certain criteria must be met. The plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). Plaintiff's Complaint contains no facts regarding Defendants Bodiford and Dorriety which would satisfy the above criteria. As Plaintiff fails to establish that Defendants Bodiford and Dorriety are liable in an individual or supervisory capacity, the Complaint against them should be dismissed.

## III. Conclusion

Accordingly, it is recommended that the district judge dismiss the Complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

IT IS SO RECOMMENDED.

September 22, 2011                                    Joseph R. McCrorey
Columbia, South Carolina                             United States Magistrate Judge

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).