UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John Randolph Cartee, #309847, | ) | Civil Action No. 3:11-2343-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Scott Bodiford, Jail Administrator; | ) | |
| James M. Dorriety, Assistant County | ) | |
| Administrator, Individual and Official | ) | |
| Capacities, | ) | |
| | ) | |
| Defendants. | ) | |

In this *pro se* action, Plaintiff contends that his civil rights were violated and that he is entitled to relief pursuant to 42 U.S.C § 1983. Pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), DSC, the case was automatically referred to the United States Magistrate Judge for pretrial proceedings and a Report and Recommendation. On September 22, 2011, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's complaint be dismissed due to Plaintiff's failure to state a claim for which relief can be granted. (*See* Dkt. No. 9). The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff failed to file any objections to the Report and Recommendation. As explained herein, this Court adopts the Magistrate's Report and Recommendation and dismisses Plaintiff's complaint.

## LAW/ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this

1

Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

After reviewing the record of this matter and the applicable law, the Court agrees with the conclusion of the Magistrate Judge. Plaintiff filed this suit *in forma pauperis* pursuant to 28 U.S.C. § 1915. Because Plaintiff filed this suit pursuant to § 1915, the Court "shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989). To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Plaintiff asserts he was given toxic levels of lithium for eight days at the Greenville County Detention Center as a result of the medical staff mistakenly giving him twice his prescribed limit. (*See* Dkt. No. 1 at 3-6). In the context of medical treatment of prisoners, the United States Supreme Court has held that "deliberate indifference to serious medical needs of prisoners" constitutes a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, Plaintiff does not allege any facts to support a finding that the medical staff of

2

the detention center was deliberately indifferent to his medical needs. Rather, Plaintiff's allegations constitute a negligence claim, which is not cognizable under § 1983. *See, e.g., Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986); *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995) (holding that it is an "elementary lesson" that "negligent deprivations of life, liberty, or property are not actionable under 42 U.S.C. § 1983"). Because Plaintiff has not stated a claim for which relief may be granted, his Complaint must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Further, Plaintiff names as defendants the Jail Administrator, Scott Bodiford, and the Assistant County Administrator, James M. Dorriety, but alleges no facts that either defendant was personally involved in the dispensing of Plaintiff's medication. (*See generally* Dkt. No. 1). In a § 1983 action, liability only arises where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Respondeat superior has no application under § 1983. *Id.* Where, as here, a plaintiff fails to allege any connection between the defendant and a deprivation of constitutional rights, the action should be dismissed. *Id.*

## CONCLUSION

After a thorough review of the record, the Magistrate's Report and Recommendation, and the relevant case law, the Court adopts the Magistrate's Report and Recommendation and **DISMISSES** Plaintiff's Complaint *without prejudice* and without issuance and service of process.

3

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Court Judge

October 14, 2011
Charleston, South Carolina

4